UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISON

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

|  |  |
|---|---|
| | : |
| EUGENE SCALIA, Secretary of Labor | : |
| United States Department of Labor, | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No.: |
| v. | : |
| | : |
| D.G. CONSTRUCTION AND HAULING, LLC, and | : |
| BRETT DESHOTELS, Individually. | : |
| | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## **COMPLAINT**

Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor ("Secretary") brings this action seeking a judgment to enforce two final orders of the Secretary, pursuant to the employee protection provisions of the Surface Transportation Assistance Act of 1982 ("STAA"), 49 U.S.C. § 31105.

## **JURISDICTION AND THE PARTIES**

1.      Jurisdiction of this action is conferred upon this Court by 49 U.S.C. § 31105(e) and 28 U.S.C. §§ 1331 and 1345.

2.      Venue of this action lies in the Western District of Louisiana pursuant to 49 U.S.C. § 31105(e) and 29 C.F.R. § 1978.113 because the violations occurred in Lafayette, Louisiana at the truck yard of Defendant D.G. Construction and Hauling ("D.G. Hauling") located at 114 Row Two, Lafayette, Louisiana.

3.      Defendant D.G. Hauling is, and at all times hereinafter mentioned was, engaged in interstate trucking operations and doing business at 114 Row Two, Lafayette, Louisiana.

4.      Defendant Brett Deshotels, an individual, is and was the managing member and president of D.G. Hauling.  He acted directly or indirectly in the interest of Defendant D.G. Hauling and was conducting business in Lafayette Parish, Louisiana, within the jurisdiction of this Court.

5.      The Secretary has the authority to bring this action pursuant to 49 U.S.C. § 31105(e) and 29 C.F.R. § 1978.113.

## FACTUAL ALLEGATIONS

6.      The employee protection provisions of STAA, 49 U.S.C. § 31105, prohibit any person from discharging, disciplining or otherwise discriminating against an employee because, among other things, the employee:  (1) filed a complaint relating to a violation of a commercial motor vehicle safety regulation, standard, or order; (2) refused to operate a vehicle because its operation would violate a federal regulation, standard, or order related to commercial motor safety; or (3) refused to operate a vehicle because he had a reasonable apprehension of serious injury to himself or the public because of the vehicle's hazardous condition.   49 U.S.C. § 31105(a).

7.      Defendants D.G. Hauling and Brett Deshotels are persons within the meaning of 49 U.S.C. § 31105.

8.      Complainant Gerry McDaniel ("Complainant") worked for Defendant D.G. Hauling as a driver of a commercial motor vehicle (*i.e.*, a commercial vehicle with a gross vehicle weight or gross vehicle weight rating of at least 10,001 pounds), and thus was an employee within the meaning of 49 U.S.C. § 31101(2).

9.      On or about May 16, 2018, Complainant filed a whistleblower complaint with the Occupational Safety and Health Administration ("OSHA"), U.S. Department of Labor, alleging

Defendants terminated him as a truck driver on May 1, 2018 in reprisal for voicing safety concerns and for refusing to operate his assigned vehicle due to mechanical defects and hours of service problems.

10.     OSHA investigated Complainant's complaint and by letter dated January 14, 2019, issued Findings dismissing the complaint.

11.     Complainant timely objected to OSHA's Findings and requested a hearing before the Department of Labor's Office of Administrative Law Judges.

12.     On June 4, 2019, Administrative Law Judge Lee J. Romero, Jr. conducted a hearing.

13.     On October 31, 2019, ALJ Romero issued a Decision and Order finding that Defendants discharged Complainant because of his protected activity in violation of the employee protection provisions of STAA. (*see* Exhibit A).

14.     ALJ Romero ordered Defendants to offer Complainant reinstatement to his former position as a truck driver and to pay him $2,409.60 in back pay with interest, $5,000.00 in compensatory damages, and $10,000.00 in punitive damages.

15.     ALJ Romero also ordered Defendants to expunge from Complainant's employment records any adverse or derogatory reference to his protected activity and to post for 30 days a copy of the order in all places Defendants customarily post employee notices.

16.     The Decision and Order also contained a "NOTICE OF APPEAL RIGHTS" which stated:  "To appeal, you must file a Petition for Review ("Petition") with the Administrative Review Board ("Board") within fourteen (14) days of the date of issuance of the administrative law judge's decision." The Decision and Order also set forth the Board's address and information on how to e-file with the Board as well as other procedural guidelines. *Id.*

17.     Defendants did not appeal the Decision and Order.

18.     Absent any appeal, by operation of law the Decision and Order became a "final order of the Secretary" on or about December 14, 2019.

19.     On December 30, 2019, ALJ Romero issued a Supplemental Decision and Order Awarding Attorney's Fees, which ordered Defendants to pay Complainant's counsel, Taylor & Associates, Ltd., dba Truckers Justice Center, $26,568.27 in attorney's fees and expenses. (*see* Exhibit B).

20.     The Supplemental Decision and Order Awarding Attorney's Fees also contained a "NOTICE OF APPEAL RIGHTS" advising Defendants of their right to file a petition for review within 14 days of the date of issuance of the ALJ's decision.

21.     Defendants did not appeal the Supplemental Decision and Order, and by operation of law it became a final order of the Secretary on or about January 13, 2020.

22.     Defendants have failed to comply with ALJ Romero's orders dated October 31, 2019 and December 30, 2019.  Defendants did not offer Complainant reinstatement, and did not pay the back pay, compensatory damages, punitive damages, or attorney's fees that ALJ Romero ordered.

23.     Section 31105(e) of STAA provides that if a person fails to comply with an order issued under 49 U.S.C. § 31105(b), the Secretary of Labor shall bring a civil action to enforce the order in the district court for the judicial district in which the violation occurred.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, cause being shown, the Secretary requests judgment against D.G. Construction and Hauling LLC and Brett Deshotels enforcing the final orders of the Secretary as follows:

1.  Ordering Defendants D.G. Construction and Hauling LLC and Brett Deshotels to immediately:

    a. offer Complainant reinstatement to his former position with the same pay, terms and privileges of employment that he would have received had he continued working from May 1, 2018 through the date of the offer of his reinstatement;

    b. pay Complainant $2,409.60 in back pay, less authorized payroll deductions, with interest calculated pursuant to 26 U.S.C § 6621;

    c. pay Complainant $5,000 in compensatory damages;

    d. pay Complainant $10,000 in punitive damages;

    e. expunge from Complainant's employment records any adverse or derogatory reference to his protected activities from March 13, 2018 through May 1, 2018, and his discriminatory termination on May 1, 2018;

    f. post copies of ALJ Romero's October 31, 2019 and December 30, 2019 orders in all places where employee notices are customarily posted for 30 consecutive days; and

    g. pay Taylor & Associates, Ltd., dba Truckers Justice Center, $26,568.27 in attorney's fees and expenses.

2. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees,  and those persons in active concert or participation with them, from violating the employee protection provisions of STAA, 49 U.S.C. § 31105.

3. For such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

KATE S. O'SCANNLAIN
Solicitor of Labor

JOHN RAINWATER
Regional Solicitor

MARY K. COBB
Acting Counsel for Civil Rights

By: _____

FELIX MARQUEZ
Trial Attorney in Charge
Texas Bar No. 24015000

United States Department of Labor
Office of the Solicitor
525 S. Griffin Street, Suite 501
Dallas, Texas 75202
Telephone: (972) 850-3156
Facsimile:  (972) 850-3101
Email: marquez.felix.r@dol.gov
Email: cobb.mary@dol.gov
Email: docket.dallas@dol.gov

ALEXANDER C. VAN HOOK
Acting United States Attorney
Western District of Louisiana

By: _____

SHANNON T. BROWN
Assistant United States Attorney
Louisiana Bar No. 32366
United States Attorney's Office
300 Fannin Street, Suite 3201
Shreveport, Louisiana 71101
Tel:  (318) 676-3600
Fax: (318) 676-3642
Email: shannon.brown@usdoj.gov

ATTORNEYS FOR PLAINTIFF